UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JOSEPH LEWIS WASHINGTON, a/k/a
Baltimore Joe,
  *Defendant-Appellant.*

No. 02-4297

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-01-388)

Submitted: December 10, 2002

Decided: January 7, 2003

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. Miller Williams Shealy, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Joseph Lewis Washington pled guilty to having two or more convictions for felony drug offenses and knowingly possessing with intent to distribute and distributing less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000). He was sentenced to 220 months of imprisonment. On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious claims for appeal but raising the following issues, whether: (1) the district court plainly erred in conducting Washington's Fed. R. Crim. P. 11 plea hearing; (2) the district court erred in accepting the facts as enumerated in the presentence report ("PSR") and in applying the Sentencing Guidelines; and (3) there was ineffective assistance of trial counsel. For the reasons that follow, we affirm.

Because Washington failed to object or make a motion to withdraw his guilty plea, this court reviews his Rule 11 hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002). We do not find that the district court plainly erred. Neither do we find that the district clearly erred in its factual findings at sentencing or erred in its legal interpretation of the Sentencing Guidelines. *United States v. Colton*, 231 F.3d 890, 911 (4th Cir. 2000). Finally, it does not conclusively appear from the record that Washington received ineffective assistance of trial counsel. Thus, this claim fails on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

We have examined the entire record in this case in accordance with the requirements of *Anders*, including the claims raised in Washington's pro se supplemental brief, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court

of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*